UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-23533-Civ-COOKE

ELKTON LONGJAW
GERONIMO, JR.,

    Plaintiff,

vs.

JAY R. MOSKOWITZ, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING CASE

THIS CASE is before me upon a *sua sponte* review of the record. On August 16, 2016, Plaintiff filed a "Complaint Civil Action" (ECF No. 1). After reviewing Plaintiff's Complaint, the record, relevant legal authorities, and for the reasons explained below, Plaintiff's Complaint is dismissed without prejudice.

## I. DISCUSSION

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as de facto counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

A broad reading of Plaintiff's over three hundred page Complaint, written in both English and Spanish, indicates that Plaintiff seeks declaratory relief, injunctive relief, and compensation in the amount of seventy million dollars from a variety of defendants for secreting, kidnapping, torturing, extorting, bribing, blackmailing, and imprisoning him. *See generally* Compl., ECF No. 1. More specifically, he appears to be contesting his detention and conviction, which he attributes to "corrupt" prosecutors, defense attorneys, government agents, and judges. However, on its face, Plaintiff's Complaint fails to state a claim upon

which relief can be granted.

Plaintiff generally refers to claims of false imprisonment, fraud, judicial misconduct, malicious prosecution, ineffective assistance of counsel, conspiracy, corruption, kidnapping, racial discrimination, double jeopardy, false arrest, blackmail, racial segregation, and various other civil rights violations, among others. He references a variety of actions that appear to have occurred during his criminal trial and subsequent appeal, but provides a rambling, half-English, half-Spanish account that provides no detail whatsoever of what his actual claims are. Notwithstanding the pleading leniency afforded to *pro se* plaintiffs, it is not the Court's responsibility to discover claims for relief. Plaintiff's Complaint fails to include factual allegations sufficient to raise a right to relief above the speculative level and therefore, fails to state a claim upon which relief can be granted. Although the Complaint sets forth several statements, they do not collectively establish, or put Defendants on notice of, any viable causes of action Plaintiff intends to pursue. *See Anderson v. Dist Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364 (11th Cir. 1996) (holding that plaintiff's complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"). Accordingly, Plaintiff's Complaint is dismissed. *See Driessen ex rel B.O. v. Fla. Dept. Children & Families*, 351 F. App'x 355, 355 (11th Cir. 2009) (per curiam) (affirming a district court's *sua sponte* dismissal under Rule 8(a) for failure to state a claim).

## II. CONCLUSION

For the reasons explained in this Order, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. The Clerk shall **CLOSE** this case. All pending motions are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 25TH day of August 2016.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Elkton Longjaw Geronimo, Jr., pro se*
*4231 SW 112 Court*

2

*Miami, FL 33165*